Filed 6/21/23  P. v. Lopez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CASEY SANCHEZ LOPEZ,<br><br>    Defendant and Appellant. | G061504<br><br>(Super. Ct. No. 13NF2674)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Scott A. Steiner, Judge.  Affirmed.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Lynne

McGinnis and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

Casey Sanchez Lopez appeals from the trial court's postconviction order denying his petition for resentencing under Penal Code[1] section 1170.95, now renumbered as section 1172.6. (Stats. 2022, ch. 58, § 10.) As part of the factual basis for the guilty plea he entered before his preliminary hearing, Lopez attested under penalty of perjury that he harbored "the specific intent to kill" when he "attempt[ed] to murder John Doe" on August 3, 2013. A petitioner is ineligible for section 1172.6 resentencing if he or she acted with intent to kill. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) While the trial court may have misunderstood the record in several ways, including by stating that Lopez was the victim's actual killer, Lopez's renewed attempt on appeal to avoid the legal effect of his inculpatory admission is without merit. We therefore affirm the order denying his resentencing petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

An initial complaint filed on August 6, 2013, alleged that three days earlier Lopez, his older brother Eric, and Luis Arturo Calderon murdered a John Doe victim with malice aforethought. (§ 187, subd. (a).) The complaint included a special circumstances allegation that the trio committed the murder for a criminal street gang purpose. (§ 190.2, subd. (a)(22).) The complaint also alleged counts for street terrorism (§ 186.22, subd. (a)) and conspiracy (§ 182, subd. (a)(1)) to commit murder. The alleged overt acts of the conspiracy included that "Defendants retrieved a gun," "Defendants went looking for the victim," and "Defendants shot the victim three times." A gang enhancement was attached to the conspiracy count (§ 186.22, subd. (b)), and, as pertinent to the Lopez

---

[1] All further undesignated statutory references are to the Penal Code.

2

brothers, another gang enhancement alleged vicarious discharge of a firearm causing death (§ 12022.53, subds. (d), (e)(1)) on the murder and conspiracy counts.

A second amended complaint, filed in June 2015, amended the overt acts slightly and omitted charges against Calderon; as to Lopez, the complaint alleged the same counts. The modified overt acts included that Calderon, the Lopez brothers, and a fourth individual "travelled in a vehicle to retrieve a gun," "Calderon and Casey Lopez searched for the victim," and "Calderon shot the victim."

A third amended complaint, filed in December 2015, dropped the murder and conspiracy counts, replacing them with an attempted murder count against the Lopez brothers. The complaint also omitted the gang murder special circumstance allegation and added instead a standard gang enhancement to the attempted murder count. The complaint otherwise remained the same.

Lopez pleaded guilty to the third amended complaint. On the *Tahl*[2] form he submitted to the court in connection with his guilty plea, Lopez declared "everything on this form is true and correct." Lopez executed that form under penalty of perjury. The *Tahl* form included as the factual basis this statement: "In Orange County, California, on August 3, 2013 I did unlawfully, and with the specific intent to kill, attempt to murder John Doe, a human being." Lopez also included further factual statements to support the vicarious discharge and gang enhancements on the attempted murder count, and to support the street terrorism count.

Pursuant to the plea agreement, the trial court sentenced Lopez to 19 years in prison.

In February 2022, Lopez filed a petition for resentencing under section 1172.6. In support of his petition, he submitted a declaration stating that he could

---

[2] *In re Tahl* (1969) 1 Cal.3d. 122.

3

not "presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The trial court appointed counsel at Lopez's request. Lopez's brief in support of his petition for resentencing included a request for a full evidentiary hearing on his petition; it also added the following details as to the circumstances of his plea: Lopez alleged the plea agreement he and his brother "negotiated with the [P]eople" was "contingent on their potential truthful testimony in any further proceedings regarding Calderon," but the "People ultimately never sought testimony" from either of them.

Instead, according to Lopez, while Calderon's trial date was pending, the People filed a second amended information against Calderon charging him with voluntary manslaughter and street terrorism (§§ 192, subd. (a); 186.22, subd. (a)). Calderon pleaded guilty to those charges and admitted to an enhancement for personal use of a firearm and a gang enhancement (§ 12022.5, subd. (a); 186.22, subd. (b)). Under Calderon's plea terms, he received a 25-year prison sentence. The factual basis for Calderon's plea included his statement that he "'unlawfully and without malice killed John Doe, a human being, upon a sudden quarrel and heat of passion.'"

The trial court denied Lopez's petition for resentencing at the prima facie stage of the proceedings, i.e., without a full evidentiary hearing. The court's minutes state that the court concluded Lopez was "ineligible for relief . . . inasmuch as the defendant, as part of his plea, admitted to personally killing another human being, without malice, and to personally discharging a firearm in connection with the killing. As such, he has failed to meet the prima facie standard."

## DISCUSSION

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess., Senate Bill 1437) to limit the scope of the traditional felony murder rule; the new legislation also eliminated the natural and probable consequences

4

theory for murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Pursuant to Senate Bill 1437, murder liability can no longer be "'imposed on a person who [was] not the actual killer, [who] did not act with the intent to kill, or [who] was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Lewis*, at p. 959.) Senate Bill 1437 amended the law of murder embodied in sections 188 and 189 to reflect these changes. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, clarified that the same restrictions now apply to attempted murder and manslaughter, such that persons convicted of those offenses "under a theory of felony murder [or] the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

Together the two bills created a procedure through which petitioners convicted under the former laws governing murder, attempted murder, and manslaughter can seek sentencing relief. (§ 1172.6.) The procedure is available to defendants convicted by either a guilty plea or by a trial verdict. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 236 (*Rivera*).) It was Lopez's burden as the moving party to make a prima facie showing in the trial court that he is entitled to the relief he seeks. (*Lewis*, *supra*, 11 Cal.5th at p. 960.)

Although the trial court's minute order reflects an evident mistake in confusing the factual basis for Calderon's plea with the plea entered by Lopez, respondent invokes the rule that "'"a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason."'" (*People v. Zapien* (1993) 4 Cal.4th 929, 976.) It is well-settled that the prima facie determination is a question of law. (*Lewis*, *supra*, 11 Cal.5th at p. 966.) Denial of a section 1172.6 resentencing petition at the prima facie stage "'"is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.'"'"

5

(*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14.)  Because this is "'"'a purely legal conclusion,'"'" our review is de novo.  (*Ibid.*)

Several legal principles guide our review.  Attempted murder "require[s] a specific intent to kill" (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653), but under the former natural and probable consequences theory of attempted murder, a specific intent to kill could be imputed from an accomplice (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007; see *People v. Prettyman* (1996) 14 Cal.4th 248, 259).

Respondent acknowledges that "[h]ad the case gone to trial" on the third amended complaint, "the prosecution would not have been precluded from arguing that appellant was guilty under a natural and probable consequences theory."  (See, e.g., *Rivera*, *supra*, 62 Cal.App.5th at p. 233 [natural and probable consequences doctrine need not be separately pleaded].)

As *Lewis* explained, the record of conviction "will necessarily inform" the prima facie inquiry as a means "to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  A defendant's admissions in entering a guilty plea "pursuant to a negotiated plea" are not "'stray comment[s]'"; to the contrary, they are "binding" and part of the record of conviction.  (*People v. Romero* (2022) 80 Cal.App.5th 145, 153.)

"If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition."  (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

A defendant who acts with the intent to kill is among those expressly excluded from the Legislature's ameliorative changes, including resentencing.  (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14.)

With the foregoing principles in mind, Lopez's admission in his plea agreement that he harbored an intent to kill the victim precludes resentencing relief absent some distinction that it was Lopez's burden to demonstrate.  He does *not* rely on

6

appeal on the unsworn background details suggested in his resentencing brief, such as the terms of Calderon's plea agreement.[3]

Lopez instead relies on *Rivera*, *supra*, 62 Cal.App.5th 217 and *People v. Eynon* (2021) 68 Cal.App.5th 967 (*Eynon*). We find those cases are distinguishable. In *Rivera*, the defendant in his plea agreement "made no admissions related to the murder other than pleading no contest to the count as charged." (*Rivera*, at p. 234.) Because there was "no basis on which to infer that Rivera admitted to acting with actual malice," he was not categorically barred at the prima facie stage from resentencing relief. (*Id.* at p. 235.)

Similarly, in *Eynon*, the defendant's plea statements included: "'I agree that I did the things that are stated in the charges that I am admitting'" (*Eynon*, *supra*, 68 Cal.App.5th at p. 971), and that "'this was a first-degree murder by virtue of being a felony murder; that being murder that occurred during the commission of a robbery'" (*id.* at p. 972). Because the generic manner in which the charge was pleaded did not preclude the People from proceeding on theories of felony murder or murder under the natural and probable consequences doctrine, and the defendant's factual admissions did not preclude conviction based on either theory (and indeed suggested the former), the defendant remained legally eligible for resentencing relief under section 1172.6 as a matter of law. (*Eynon*, at p. 979.)

In contrast, the absence of any factual basis in the record to call into question Lopez's admission that he harbored an intent to kill the victim conclusively renders him ineligible for resentencing relief.

---

[3] We do not suggest that doing so would—or would not—have had merit. While we note that it has long been held that an aider and abettor may be guilty of a greater offense than the direct perpetrator (*People v. McCoy* (2001) 25 Cal.4th 1111, 1120), we express no opinion on whether that principle would have precluded Lopez from resentencing relief. Lopez did not raise the issue, and the question is therefore not before us.

7

## DISPOSITION

The trial court's order denying Lopez's section 1172.6 resentencing petition is affirmed.


GOETHALS, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.